UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JILL COMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:10-cv-01448-LJM-DML |
| | ) |
| ALLSTATE PROPERTY & CASUALTY | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## Order On Defendant's Motion to Reconsider

Defendant Allstate Property & Casualty Insurance Company ("Allstate") asks the court to reconsider its Order Following *In Camera* Review, entered December 13, 2011 (Dkt. 41), with respect to one matter: whether Allstate should be permitted to redact from the NextGen record reserve information that Allstate contends on reconsideration is not relevant. (Dkt. 47). Plaintiff Jill Compton opposes Allstate's motion and asserts that the reserve information is relevant to her allegation that Allstate acted in bad faith in denying her claim. (*See* Dkt. 49 at pp. 2 and 3).

Ms. Compton states: "Whether Allstate put aside a reserve in a case, and when, could evidence bad faith on the part of the insurance company." (Dkt. 49 at p. 4). She explains her relevance theory by contrasting it with an argument addressed by the Supreme Court of Colorado in *Silva v. Basin Western, Inc.,* 47 P.3d 1184 (Colo. 2002), in which the plaintiff suing an insured sought disclosure of the amount of reserves the defendant's insurer had set aside for the claim. Ms. Compton states that the issue in *Silva* was disclosure of the *amount* of reserves, not whether money was "even set aside" by the insurer, and she seeks "to know if reserves were initially set

aside to go towards [her] complaint that the Defendant acted in bad faith and breached the contract." (Dkt. 49 at p. 4).

Allstate's reply brief states that the precise information that Ms. Compton contends is relevant—whether reserves were set at all—can be provided while still protecting the information that Allstate contends is not relevant to any issue—information relating to actual reserve amounts or values. Allstate suggests that the court, based on its *in camera* review, should simply provide Ms. Compton with the assurance that reserves were set. (Dkt. 50 at 1-2). The court declines to perform that role in the discovery process, but agrees with Allstate that Ms. Compton has argued only that information about when and whether "reserves were initially set aside" is relevant and has not suggested that reserve amounts are relevant to her claims.[1]

The court therefore upholds Allstate's objection to revealing within the NextGen record information related to the actual reserve amounts or values. Allstate may redact from the NextGen record all references to actual reserve amounts or values, although Allstate must reveal wording within the NextGen record denoting the fact of setting a reserve. For example, for the entry dated November 17, 2009 at 8:33 AM, Allstate may redact the dollar figure but not the words "Set reserve at."

---

[1] Relevance is a case-specific inquiry. *See* Fed. R. Evid. 401. Thus, the court can agree with Ms. Compton that reserves information *can* be relevant to a bad faith claim and with Allstate that reserves information can be irrelevant to insurance coverage and bad faith disputes (and that the information is likely always irrelevant in the third-party context such as that addressed in *Shierenberg v. Howell-Baldwin,* 571 N.E.2d 335 (Ind. Ct. App. 1991)). But the issue for this court is whether and how the information may illuminate—or lead to evidence that may illuminate—whether Allstate breached any duty to Ms. Compton in its handling and ultimate denial of the claim. As noted above, Ms. Compton has not argued that the actual reserve amounts are relevant to any of her claims and contends only that whether reserves were initially set aside is relevant.

### **Conclusion**

Allstate's motion to reconsider (Dkt. 47) is GRANTED in PART. Allstate may redact from the NextGen record all information related to the actual reserve amounts or values.

So ORDERED.

Dated: 01/25/2012

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF